UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Daryl Jackson,

                    Petitioner,                       **ORDER**
                                                     21-CV-05150 (DG) (JRC)

        -against-

Timothy McCarthy, Superintendent,

                    Respondent.
------------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

      On September 14, 2021, Petitioner Daryl Jackson, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in the Supreme Court of the State of New York, County of Kings of burglary in the second degree. *See* Petition, ECF No. 1. On January 28, 2022, Petitioner filed an Amended Petition. *See* Amended Petition, ECF No. 17. Respondent opposed both the initial Petition and the Amended Petition. *See* ECF Nos. 14, 19.[1]

      On January 20, 2026, Magistrate Judge James R. Cho issued a Report and Recommendation (the "R&R") recommending "denying [Petitioner's] habeas petition (initial and Amended Petition)." *See generally* R&R, ECF No. 30 (setting forth relevant factual and procedural background and applicable law and addressing each of the grounds raised by Petitioner in support of his request for habeas relief).[2]

      No objection to the R&R has been filed and the time for filing objections has passed. *See generally* docket.

---

[1] Familiarity with the procedural history and background of this action is assumed herein.

[2] Like Judge Cho, the Court considers both the initial Petition and the Amended Petition, in light of Petitioner's *pro se* status – and the Court liberally construes Petitioner's filings.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  "Where no objection to a Report and Recommendation has been timely made, the district court need only satisfy itself that there is no clear error on the face of the record."  *May v. Levy*, 659 F. Supp. 3d 323, 332 (E.D.N.Y. 2023) (quotation omitted).

Upon clear error review, the Court adopts the thorough and well-reasoned R&R and, accordingly, denies Petitioner's habeas petition (initial and Amended Petition) consistent with the R&R.[3]

The Court will not issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(2). Petitioner, however, has a right to seek a certificate of appealability from the United States Court of Appeals for the Second Circuit.  *See* 28 U.S.C. § 2253(c).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment, close this case, and mail a copy of this Order to Petitioner.

SO ORDERED.

/s/ Diane Gujarati
DIANE GUJARATI
United States District Judge

Dated: April 17, 2026
        Brooklyn, New York

---

[3] Even under *de novo* review, the Court would adopt the R&R.

2